```
UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF COLUMBIA
_____
                                    )
JAKAYARN D. SAMUELS,                )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Case No. 16-cv-0873 (APM)
                                    )
SOUTHERN HILLS LIMITED              )
PARTNERSHIP,                        )
                                    )
        Defendant.                  )
_____)
```

## MEMORANDUM OPINON AND ORDER

On November 19, 2003, District of Columbia resident Plaintiff Jakayarn D. Samuels left unattended an uncovered, warming pot of oil on her electric stovetop. Sometime later, after Plaintiff's daughter alerted her to a problem, Plaintiff returned to the kitchen to find smoke coming out of the pot and filling the room. Plaintiff began to panic and, in an effort to stop the smoke, tried to move the pot from one burner to another. When she did, the oil caught fire. So, too, did Plaintiff's hair and clothing. Plaintiff was able to douse the flames, but not before suffering burns to her chest, torso, legs, and other areas of her body.

Plaintiff sued the company that owns her apartment building, Defendant Southern Hills Limited Partnership. Her Complaint advances two causes of action: negligence and breach of contract. Plaintiff's theory of liability as to both claims rests on Defendant's failure to supply her with a working smoke alarm, a fire extinguisher, and a non-defective piece of fire safety equipment called a "Firestop."

Before the court is Defendant's Motion for Summary Judgment. After consideration of the record and the parties' briefs, the court grants Defendant's motion in part and denies it in part.

I

Plaintiff's negligence claim is premised on Defendant's failure: (1) to maintain a functioning smoke detector in Plaintiff's apartment, (2) to install a visible, accessible fire extinguisher in Plaintiff's apartment, and (3) to supply a working "Firestop"—a type of emergency fire equipment installed above the stove. Compl., ECF No. 1, at 1–2. The court concludes that there remains a genuine dispute of material fact that precludes summary judgment as to Plaintiff's first two theories—the failure to supply a working smoke alarm and a fire extinguisher—but not with respect to her third theory—the alleged faulty Firestop.

Defendant first contends that it is entitled to summary judgment on Plaintiff's negligence claim because Plaintiff's contributory negligence—her leaving the stove unattended while heating the pot of oil, which led to the fire—is a complete defense against liability. Def.'s Mot for Summ. J., ECF No. 32, Mem. in Supp., ECF No. 32-1 [hereinafter Def.'s Mem.], at 4–7. At this stage, however, that defense is precluded as a matter of law. It is settled under District of Columbia law that "[t]he common law of contributory negligence is not available . . . to defeat liability for negligent conduct that contravenes a statutory mandate because '[s]tatutes and regulations should not be overborne by the common law.'" *Jarrett v. Woodward Bros., Inc.*, 751 A.2d 972, 985 (D.C. 2000) (quoting *Martin v. George Hyman Constr. Co.*, 395 A.2d 63, 68–69 (D.C. 1978)).[1] As relevant here, District of Columbia law required Defendant, as the owner of Plaintiff's apartment complex, to: (1) install and maintain smoke detectors "in a reliable operating condition,"

---

[1] In her opposition brief, Plaintiff asserts that neither contributory negligence nor assumption of the risk is a defense to negligent conduct that violates the law. *See* Pl.'s Opp'n to Summ. J., ECF No. 35, Mem. in Opp'n, ECF No. 35–1 [hereinafter Pl.'s Mem.], at 1, 5. That contention is wrong. The D.C. Court of Appeals made clear in *Jarrett* that there is a difference between the defenses of contributory negligence and assumption of risk, and that only the former is a defense to a negligence claim premised on a violation of law. *Jarrett*, 751 A.2d at 985–86. Notwithstanding the availability of an assumption-of-risk defense, Defendant has not argued for entry of judgment based on that defense.

D.C. Code § 6-751.06[2]; *see also id*. § 6-751.02(a) (requiring "install[ation of] smoke detectors as required by this subchapter"); and (2) supply a "visible . . . read[ily] access[ible]" fire extinguisher and maintain it "in an efficient and safe operating condition," 12 DCMR § PM-705G.2. *See also* 12 DCMR § PM-704G.2 (requiring the installation and maintenance of smoke alarms); 14 DCMR § 901.1 ("The operator of each housing business shall maintain all required fire extinguishing equipment in an operable condition."); *id.* § 904.4 (requiring installation of smoke detectors as required by the Smoke Detector Act of 1978).[3] Defendant acknowledges that if the facts are viewed in the light most favorable Plaintiff—as they must be at this stage of the litigation—it: (1) failed to maintain a functioning smoke detector in Plaintiff's apartment, Def.'s Mem. at 7; and (2) failed to install a visible, accessible fire extinguisher in Plaintiff's apartment, *id*. at 9. Those concessions mean that, at a minimum, there exists a genuine dispute of material fact as to whether Defendant neglected to follow District of Columbia fire-safety laws. It also means that Defendant, at this stage, cannot rely on Plaintiff's contributory negligence as a defense to avoid liability for those violations. *See Jarrett*, 751 A.2d at 985.

Defendant's next argument fares no better. Defendant asserts that, because Plaintiff had "notice of the smoke before the fire and failed to respond reasonably," the presence of a working smoke alarm or fire extinguisher would have made no difference. Def.'s Mem. at 7. But that argument is simply a variant of Defendant's contributory negligence defense, which, for the reasons already discussed, cannot shield Defendant from liability at this stage. Additionally, Defendant asserts that "there is no evidence [a working smoke detector] would have provided

---

[2] Citations to the District of Columbia Code and the District of Columbia Municipal Regulations are to the 2013 versions that were in place at the time of the fire in Plaintiff's apartment.

[3] Defendant does not contend that the law required otherwise. Plaintiff argued in her opposition brief that, notwithstanding Plaintiff's own contributory negligence, Defendant remains liable because its omissions violated District of Columbia law. *See* Pl.'s Mem. at 1–3. Defendant filed no reply brief opposing that argument.

3

earlier notice than that provided by her daughter." *Id.* at 7–8. That argument, however, ignores the testimony of Defendant's own expert, R. Thomas Long, Jr., who opined "to a reasonable degree of scientific certainty" that "[h]ad a smoke alarm been present, Ms. Samuels most likely would have received earlier notification of the situation in the kitchen." Pl.'s Opp'n to Mot. for Summ. J., ECF No. 35 [hereinafter Pl.'s Opp'n], Exs., ECF No. 35-2, at 28–29.[4] Long also testified that "smoke alarms are pretty good at doing their job. And if there's smoke, they will go off." *Id.* at 28. Based on that expert evidence, a reasonable juror could conclude that a functioning smoke alarm would have given Plaintiff (or her daughter) earlier notice of the smoking oil *before* it reached an ignitable temperature and, correspondingly, that such earlier notice would have allowed Plaintiff to avoid injury. Accordingly, the existence of a genuine dispute of fact concerning the early-warning efficacy of a working smoke detector precludes granting Defendant summary judgment.

Next, Defendant contends that a working, readily accessible fire extinguisher would not have prevented Plaintiff's injuries because Plaintiff testified that she looked for a fire extinguisher only *after* she put the fire out on her body. Def.'s Mem. at 9. Thus, Defendant insists, "[e]ven if the fire extinguisher were present, it would not have altered the course of what occurred." *Id.* That argument, however, overlooks a reasonable inference that a trier of fact could draw: Had a fire extinguisher in fact been visible and readily accessible, as required by District of Columbia law, Plaintiff might have reached for the fire extinguisher *before* the pot of oil ignited, thereby allowing her to avoid injury. In other words, if Defendant had supplied a visible fire extinguisher, as it was required to do, Plaintiff presumably would have known about the extinguisher's location and her first instinct might have been to use it. But because no fire extinguisher was present, Plaintiff may

---

[4] Citations to Plaintiff's exhibits are to the electronically page numbers generated by CM/ECF.

4

have reflexively addressed the emergency without one. Plaintiff's act of searching for a fire extinguisher only after she had doused the flames on herself therefore does not render Plaintiff unable to prove that Defendant's failure to provide a fire extinguisher was the proximate cause of her injuries. *See Rong Yao Zhou v. Jennifer Mall Rest., Inc.*, 534 A.2d 1268, 1277 (D.C. 1987) ("[P]laintiffs must prove that the statutory violation was the proximate cause of their injuries.").

Finally, the court reaches a different conclusion with respect to Plaintiff's theory of negligence predicated upon the Firestop's failure to prevent her injuries. Defendant argues that Plaintiff "has provided no evidence or expert opinion in support of her conclusory statements regarding how Firestops function and when they should activate," and that Plaintiff "has no evidence that the devices were defective and did not work." Def.'s Mem. at 8–9. Plaintiff counters that "[i]t is not undisputed that the firestops were functioning correctly as no investigation was done by the Defendant to offer an opinion as to whether the firestops were working correctly[.]" Pl.'s Mem. at 3–4. Plaintiff, however, misapprehends her burden at the summary judgment stage. A movant can satisfy its burden at the summary judgment stage by noting the absence of evidence supporting a non-moving party's case. *See Durant v. Dist. of Columbia*, 875 F.3d 685, 695–96 (D.C. Cir. 2017). Once a movant does so, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Plaintiff offers no such affirmative evidence here. The record contains no evidence to support Plaintiff's contention that the Firestop installed above her stovetop was defective or did not work properly when the pot of oil caught fire. Consequently, summary judgment is warranted in favor of Defendant on Plaintiff's negligence claim insofar as that claim is premised on the alleged failure of the Firestop to prevent Plaintiff's injuries. *See Durant*, 875 F.3d at 695–96.

Accordingly, Defendant's motion for summary judgment is granted in part and denied in part as to Plaintiff's negligence claim.

II

Defendant also seeks summary judgment on Count II, Plaintiff's breach-of-contract claim, which largely mirrors Plaintiff's negligence claim. Count II differs from the first count only in that, instead of resting on violations of District of Columbia law, it asserts violations of Defendant's obligations, set forth in the apartment lease, to maintain all safety equipment in proper working order and to keep the property in a safe condition. Compl. at 3. Consequently, the court holds the same for Count II as it did with respect to Count I: Plaintiff may proceed to trial on the theory that Defendant breached the lease by failing to maintain a working smoke detector and supply a fire extinguisher, but not by providing a defective Firestop.

As it did with Plaintiff's negligence claim, Defendant attempts to shield itself from contract liability by pointing to Plaintiff's conduct. Specifically, Defendant contends that, even if it did not satisfy its contractual obligation to provide and maintain fire-safety equipment, Plaintiff's failure to carry out *her* contractual obligations to inform Defendant about the inoperable smoke detector and the absence of a fire extinguisher precludes liability on her breach-of-contract claim. Def.'s Mem. at 10–11.

The court rejects Defendant's argument for two reasons. First, public policy counsels against enforcing any such contractual obligation against Plaintiff. "It is accepted law that '[a] promise or other term of an agreement is unenforceable on grounds of public policy if . . . the interest in its enforcement is clearly outweighed in the circumstances by a public policy against the enforcement of such terms.'" *Jacobsen v. Oliver*, 555 F. Supp. 2d 72, 79 (D.D.C. 2008) (quoting Restatement (Second) of Contracts § 178, at 6 (1981)). It is apparent that the District of

Columbia espouses a strong public policy in favor of mandating that landlords install and maintain smoke detectors in working condition. As discussed, both the District of Columbia Code and the District of Columbia Municipal Regulations ("DCMR") reflect that strong public policy. *See supra* p. 2–3. That policy, however, would be substantially undermined if landlords could escape liability simply by pointing to a tenant's failure to inform the landlord about missing or defective fire-safety equipment. The law cannot possibly countenance such a result. Second, it would be incongruous to hold, as Defendant would have it, that a tenant's failure to report a malfunctioning smoke alarm is a complete defense to a breach-of-contract claim, when the common law expressly denies landlords the defense of contributory negligence in similar circumstances. District of Columbia law places responsibility for fire safety squarely on landlords, and does not permit shifting blame to tenants in order to shield landlords from liability.

In addition, Defendant's position that Plaintiff had a contractual "duty" to report the absence of a fire extinguisher is not supported by the record evidence. Def.'s Mem. at 10–11. The only evidence Defendant cites to support its contention is a letter from Defendant to Plaintiff titled "Fire Safety Equipment," which asked Plaintiff "to assist us in maintaining [fire safety] equipment by following the *recommendation*[ ] . . . [of] [i]nform[ing] us immediately if the equipment fails or is damaged in any way so we may repair or replace it." Def.'s Mem., Ex., ECF No. 32-7 (emphasis added). Merely "recommend[ing]" that a tenant report the absence of a fire extinguisher does not create a contractual duty to do so. *Cf. id.*, Ex., ECF No. 32-8 ("Smoke Detector Agreement," which is "an addendum and part of" the lease, states that "Resident must inform the owner or authorized agent immediately in writing of any defect, malfunction or failure of any

7

[smoke] detector(s)."). Plaintiff therefore did not breach any duty to Defendant by failing to report the lack of a fire extinguisher in her apartment.[5]

The court thus denies Defendant's Motion with respect to Plaintiff's breach-of-contract claim, except insofar as Plaintiff contends that Defendant's alleged failure to maintain a working Firestop violated the terms of the lease.

III

For the foregoing reasons, the grants in part and denies in part Defendant's Motion for Summary Judgment.

Dated: December 7, 2017

Amit P. Mehta
United States District Judge

---

[5] The court rejects Defendant's causation arguments in the breach-of-contract context, *see* Def.'s Mem. at 12, for the same reason it rejects them as to the negligence claim.